**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Vaughn Gwen, | No. CV 22-08140-PCT-JAT (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's "Motion Admonition of Improper Venue," (Doc. 37), which this Court interprets as a motion for reconsideration. Also pending is Petitioner's "Motion to Strike Magistrate Order," (Doc. 42), which this Court interprets as an appeal of the Magistrate Judge's order. This Court will now rule.

**I.   BACKGROUND**

    **a.   Motion for Reconsideration**

In his petition for habeas corpus, one of Petitioner's claims was that he was denied a speedy trial. (Doc. 1 at 10). Respondents initially argued that this claim was procedurally defaulted because of a failure to exhaust. (Doc. 12 at 20–21). The Magistrate Judge found that he had satisfied the exhaustion requirements and gave Respondents the opportunity to file a supplemental answer discussing the merits of the claim. (Doc. 30). Petitioner appealed the Magistrate Judge's decision allowing Respondents to file a supplemental answer. (Doc. 31). This Court found that the Magistrate Judge had not committed any error in allowing Respondents to supplement their original answer. (Doc. 36). Petitioner then moved for reconsideration. (Doc. 37).

### b. Appeal of Order on Sanctions and Evidentiary Hearing

Petitioner filed a motion for sanctions on December 22, 2022. (*See* Doc. 19). In the motion he asserted that he had had not received the Answer filed by Respondents to his complaint. (*See* Doc. 39 at 2). The Magistrate Judge denied the motion for sanctions on the ground that the Respondents had effectively served Petitioner because they had mailed their answer to him. (*See id.* at 2). The Magistrate Judge held that Respondents had not violated any rules because under Rule 5(b)(2)(C), service is complete upon mailing. (*See id.*). Petitioner now appeals that order. (Doc. 42).

On April 10, 2023, Petitioner moved for an evidentiary hearing claiming that he did not receive a "full and fair" hearing on the merits. (*See* Doc. 27). This motion was denied for a number of reasons, the first being that the motion was untimely and no motion to amend the scheduling order was made. (*See* Doc. 39 at 3).

## II. LEGAL STANDARD

### a. Motion for Reconsideration

District of Arizona Local Rule of Civil Procedure 7.2(g) governs motions for reconsideration. It provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1). Manifest error under LRCiv 7.2(g)(1) is "error that is plain and indisputable . . . that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Estrada v. Bashas' Inc.*, No. CV-02-00591-PHX-RCB, 2014 WL

1319189, at *1 (D. Ariz. Apr. 1, 2014) (quoting *Black's Law Dictionary* 622 (9th ed. 2009)). This means that the Court, in its initial decision, was "dead wrong." *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012) (internal quotations omitted). The Court must have a definite and firm conviction, looking to the record as a whole, that a mistake has been committed. *Smith v. Clark Cnty. Sch. Dist.*, 72 F.3d 950, 955 (9th Cir. 2013). As the Ninth Circuit has said, granting a motion for reconsideration is an "extraordinary remedy, to be used sparingly ...." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Further, mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890. Such a motion also cannot be used to effectively ask a court to rethink its previous analysis. *See Morgal v. Maricopa Cnty. Bd. Of Sup'rs.*, No. CIV 07-0670, 2012 WL 2368478, *1 (D. Ariz. June 21, 2012). "Motions for reconsideration are disfavored and should be granted only in rare circumstances." *Id.*

### b. Appeal of Order on Sanctions and Evidentiary Hearing

Federal Rule of Civil Procedure 72 states that a district judge "must ... modify or set aside any part of [an] ... order that is clearly erroneous or is contrary to law." F.R.C.P. 72. Under Rule 72(a), for factual conclusions this Court must apply a clear error standard. *See Adams v. Symetra Life Insurance Co.*, No. CV-18-00378, 2020 WL 6469949, *1 (D. Ariz. Nov. 3, 2020). This means that after a review of all the evidence "the Court is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). This is a very high standard that is only met when the factual error committed is clear and obvious. As the Ninth Circuit noted, if the Magistrate Judge's findings are "plausible in light of the record viewed in its entirety" this Court cannot reverse, "even if it is convinced it would have found differently." *See Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002).

1    For conclusions of law, however, the standard is de novo review. Rule 72(a) simply uses the phrase "contrary to law." *See* Fed. R. Civ. P. 72. Thus, this Court must engage in a de novo review of the underlying claim to assess whether the magistrate judge applied the incorrect law or applied the correct law inaccurately. *See Adams*, No. CV-18-00378, 2020 WL 6469949 at *1 (noting that "[a] magistrate judge's legal conclusions are contrary to law when they omit or misapply the relevant law."); *See also* 28 U.S.C. § 636 ("A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

### III. ANALYSIS

#### a. Motion for Reconsideration

This Court has already once considered the Magistrate Judge's decision to allow Respondents to file a supplemental answer and found no abuse of discretion or any clear errors of fact or law. No new facts or law was presented to this Court. And upon reconsideration, this Court again finds that the Magistrate Judge was acting well within his discretion in ordering supplementation. The order contained neither clear errors of fact nor anything contrary to law.

#### b. Appeal of Order on Sanctions and Evidentiary Hearing

Petitioner argues that the Magistrate Judge lacked the authority to rule on the motion for sanctions and on the motion for an evidentiary hearing. (*See* Doc. 42 at 4). Petitioner cites no support for these assertions aside from cases pointing to the general fact that a magistrate judge cannot decide on a dispositive issue. (*See id.* at 3). This Court finds that the motion for sanctions and the motion for an evidentiary hearing were not on dispositive issues in the context of this case. Furthermore, this Court finds that the Magistrate Judge's order contained neither clear errors of fact nor anything contrary to law.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner Gerald Vaughn Gwen's Motion for Reconsideration, (Doc. 37), is **DENIED**.

- 4 -

**IT IS FURTHER ORDERED** that Petitioner Gerald Vaughn Gwen's Appeal of/Objection to (Doc. 42 (captioned motion to strike)) the Magistrate Judge's order is **DENIED**.

Dated this 22nd day of September, 2023.

*James A. Teilborg*
Senior United States District Judge