**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Vaughn Gwen,<br>　　　　Petitioner,<br>v.<br>David Shinn, et al.,<br>　　　　Respondents. | No. CV-22-08140-PCT-JAT (JFM)<br>**ORDER** |

Pending before the Court is Petitioner Gerald Gwen's ("Petitioner") Appeal of Magistrate Judge Decision to District Court ("Appeal"). (Doc. 57). The appealed order is found at Doc. 53. Respondents Attorney General of the State of Arizona and Ryan Thornell ("Respondents") have filed a response. (Doc. 58). The Court now rules on this Appeal.

**I.    BACKGROUND**

　**A. Procedural History**

This Court's previous orders have provided a summary of relevant events leading up to the present Appeal.

> Petitioner filed a petition for habeas corpus in July of 2022 under 28 U.S.C. § 2254. (Doc. 1). His third claim for relief alleged that he was denied his speedy trial right by the trial court. (*Id.* at 10). Respondents argued that because he failed to develop his claims and because his claim was procedurally defaulted for failure to exhaust relief should be denied. (Doc. 12 at 20–21). The Magistrate Judge tentatively concluded that his claim did satisfy the exhaustion requirements and, thus, that it could be brought. (Doc. 30). In the same order, the

> Magistrate Judge gave Respondents the opportunity to file a supplemental answer addressing the merits of the speedy trial claim. (*See id.*). In response to this order, Petitioner appealed the decision, asserting that the Magistrate Judge had no power to allow Respondents to file a supplemental answer. (Doc. 31).

(Doc. 36 at 1). This Court denied Petitioner's appeal, finding that the Magistrate Judge acted "well within his discretion in ordering supplementation." (*Id.* at 2).

Petitioner has filed various other objections to and/or appeals of Magistrate Judge orders in this case. Relevant to the present Appeal, the Magistrate Judge previously required Respondents to provide an updated notice under Rules Governing § 2254 Cases 5(c) ("Rule 5(c) Notice"). (Doc. 45 at 3). Respondents then filed the required notice. (*See generally* Doc. 46). Petitioner previously objected to Respondents' Rule 5(c) notice. (*See generally* Doc. 52). The Magistrate Judge then issued an order overruling this objection, which is the order appealed here. (*See generally* Doc. 53).

### B. The Appealed Order

The Magistrate Judge's order overruling Petitioner's objection to the Rule 5(c) Notice is the subject of the present Appeal. In his order, the Magistrate Judge addressed Petitioner's arguments in several ways. First, the Magistrate Judge held that Petitioner's arguments as to the insufficiency of the records to address his speedy trial claim "ignore the plain language of the Court's [previous order] which rejected the[se] objections." (Doc. 53 at 2).

The Magistrate Judge then addressed Petitioner's argument that the Magistrate Judge had failed to act with impartiality. Petitioner's objection, (Doc. 52), asserted that the Magistrate Judge had erroneously noted a failure by Petitioner to identify particular records which should have been produced. (Doc. 53 at 1). The Magistrate Judge noted that although Petitioner pointed out a missing record, he did not explain its relevance or necessity. (*Id.* at 2). The Magistrate Judge further stated that "[t]he Court need not assume that every transcript addressing a trial delay in the state court supports (or diminishes) Petitioner's claim, nor that the transcript offers any information beyond what is contained in the minute entry." (*Id.*).

The Magistrate Judge then addressed Petitioner's argument that the order improperly expanded the speedy trial inquiry, noting that "the Speedy Trial Clause does not protect from individual delays, but only from a lack of a speedy trial, measured from formal charges or arrest through conviction." (*Id.* at 2–3 (citations omitted)). The Magistrate Judge further disposed of Petitioner's argument that the order improperly interjected prejudice, stating that "prejudice is one of the factors the Court is required to consider when determining whether the Speedy Trial [C]lause has been violated." (*Id.* at 3 (citation omitted)).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 72 states that a district judge "must . . . modify or set aside any part of [an] . . . order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72. Under Rule 72(a), for factual conclusions this Court must apply a clear error standard. *See Adams v. Symetra Life Ins. Co.*, No. CV-18-00378, 2020 WL 6469949, at *1 (D. Ariz. Nov. 3, 2020). This means that after a review of all the evidence, "the Court is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). This is a very high standard that is only met when the factual error committed is clear and obvious. As the Ninth Circuit has noted, if the Magistrate Judge's findings are "plausible in light of the record viewed in its entirety," this Court cannot reverse, "even if it is convinced it would have found differently." *Husain v. Olympic Airways*, 316 F. 3d 829, 835 (9th Cir. 2002).

For conclusions of law, however, the standard is de novo review. Rule 72(a) simply uses the phrase "contrary to law." Fed. R. Civ. P. 72. Thus, this Court must engage in a de novo review of the underlying claim to assess whether the Magistrate Judge applied the incorrect law or applied the correct law inaccurately. *Adams*, 2020 WL 6469949, at *1 (noting that "[a] magistrate judge's legal conclusions are contrary to law when they omit or misapply relevant law"); *see also* 28 U.S.C. § 636 ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

### III. DISCUSSION

Petitioner argues in his Appeal that the Magistrate Judge order in question "does not sufficiently address objection to completion of the record." (Doc. 57 at 1). Petitioner further argues that "[t]he respondents have intentionally withheld relevant state court records or transcripts concerning [Petitioner's speedy trial claim]," the order "raised issues that where (sic) outside the scope of the order to expand the record," and that it was erroneous for the Magistrate Judge to state that Petitioner did not take the proper steps to obtain supplemental documents, among other arguments addressed below. (*Id.*).

Respondents argue that Petitioner has failed to demonstrate any error in the Magistrate Judge's order. (Doc. 58 at 3). Specifically, Respondents point out that Petitioner has not set forth any basis for the Court to reconsider its prior ruling on Petitioner's objections and has misconstrued Respondents' declaration regarding the records that Respondents listed as being in their possession. (*Id.*). Finally, Respondents note that should this Court interpret Petitioner's Appeal as a motion to further supplement the record, Respondents will do so if the Court requires it. (*Id.*).

The Court first addresses Petitioner's argument related to the sufficiency of the records. The Court notes that Petitioner has raised such arguments previously, (Doc. 41), and the Magistrate Judge has addressed them in detail in a previous order, (Doc. 45). The deadline to appeal the Magistrate Judge's order at Doc. 45 has passed. Thus, the Court will not consider this argument, as it is an attempt by Petitioner to file an untimely appeal of a previous Magistrate Judge order.

Relatedly, the Court finds that Petitioner's Appeal misconstrues Respondents' declaration and misreads Rules Governing § 2254 Cases, Rule 5(c). The record indicates that Respondents are not intentionally withholding relevant records. To the contrary, and consistent with Rule 5(c), Respondents provided a list of what transcripts are available and attached to their answer the parts of the transcript that Respondents "consider[ed] relevant." Rules Governing § 2254 Cases, Rule 5(c). Thus, to the extent that Petitioner believes that more parts of the transcripts are relevant, Petitioner must move for Respondents to

supplement the record and indicate—with *specificity*—what records Petitioner believes are relevant and should be included.

As to Petitioner's remaining arguments, the Court is not persuaded that the Magistrate Judge committed any errors of law or fact. Regarding the consideration of prejudice in the Speedy Trial Clause analysis, the Magistrate Judge correctly noted—and Petitioner argues in his Appeal—that prejudice is *one of* the factors to be considered. *See Baker v. Wingo*, 407 U.S. 514, 530 (1972). Thus, the Magistrate Judge did not err in considering prejudice as a factor. Further, the Court notes that Petitioner's arguments that (1) the Magistrate Judge has written "contradictory" orders, (2) the appealed order raises issues that are outside the scope of the order, and (3) the Magistrate Judge "open[ed] the door and prompt[ed] a reply from [P]etitioner," are vague and lack legal foundation.[1] Petitioner does not point to particular contradictions in previous orders or issues raised that are outside the scope of any orders, and does not indicate at what point the Magistrate Judge "prompt[ed]" a reply from Petitioner or why such action was improper. (*See* Doc. 57 at 2).

Finally, Petitioner's assertion that the Magistrate Judge did not "order" Petitioner to file a motion to supplement is inaccurate in that, although the Magistrate Judge did not *order* Petitioner to file such a motion, he explicitly stated that filing such a motion is the appropriate avenue if the Petitioner wishes to obtain additional records. (*See* Doc. 45 at 3). Thus, the Court finds no basis to alter the Magistrate Judge's order here.

/ / /
/ / /
/ / /
/ / /

---

[1] *See Young v. Vrechek*, No. 09-00403 SOM-BMK, 2013 WL 3305432, at *4 (D. Haw. June 28, 2013) ("Given the number of motions filed in this case, the court anticipates having to rule on many more motions (and appeals from Magistrate Judge orders) in this case. Before filing any motion or appeal, a movant should examine the legal and factual bases supporting it. Any motion or appeal lacking a legal and/or factual foundation wastes time and money, and a movant considering any motion should ensure that there is an adequate foundation.").

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's Appeal of Magistrate Judge Decision to District Court, (Doc. 57), is **DENIED**.

Dated this 31st day of October, 2023.

_____
James A. Teilborg
Senior United States District Judge