**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Vaughn Gwen, | No. CV-22-08140-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). The Magistrate Judge to whom this case was referred issued a Report and Recommendation ("R & R") recommending that this Court deny the Petition. (Doc. 61). Petitioner filed objections to the R & R. (Doc. 67). Respondent filed a Reply to the Objections. (Doc. 68). The R & R further recommended that this Court deny a certificate of appealability. (Doc. 61).

**I.     Review of R & R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'");

*Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

## II.     Review of the Petition

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

> To determine whether a state court ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court that existed at the time of the state court's decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state court's decision is "contrary to" federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 14 (2003) (citations omitted). A state court decision is an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree on the correctness of the state court's decision.'" *Richter*, 562 U.S. at 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

*Amaral v. Ryan*, No. CV16-00594-PHX-JAT-BSB, 2018 WL 6931889, at *5 (D. Ariz. June 26, 2018) (*Report and Recommendation accepted* 2018 WL 6695951, at *1 (D. Ariz. Dec. 20, 2018)).

An unreasonable application of law must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks and citation omitted). A petitioner must show that the State court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 419–20 (citation omitted).

Finally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

### III. Factual and Procedural Background

The R & R recounted the factual and procedural background of Petitioner's conviction in state court at pages 1–3. Neither party appears to object to this recounting and the Court hereby accepts it. In short summary, Petitioner—who represented himself pro se—was convicted by jury trial for fraudulent schemes, car theft with intent to deprive, and car theft by conversion. (Doc. 61 at 1–2). In 2021, Petitioner was sentenced to concurrent[1] prison terms, the longest of which is 10 years. (*Id.* at 2).

### IV. Claims in the Petition

The R & R broke the Petition down into thirty-four separate claims. They are as follows:

1. Malicious prosecution in violation of the fifth and fourteenth amendments where: (a) the prosecution was undertaken in bad faith; (b) the indictment was defective; (c) the prosecutor knew or should have known the evidence before the grand jury was insufficient to show probable cause; (d) the indictment contained duplicitous charges; (e) the indictment failed to provide adequate notice, was misleading and/or failed to sufficiently state the conduct for which he was charged; and (f) insufficient evidence supported his conviction.
2. A denial of due process in the trial court's evidentiary rulings because: (a) the court and prosecutor failed to conduct "evidentiary procedures" on admissibility; (b) inadmissible evidence was admitted; (c) a copy of the car rental agreement was admitted; and (d) police failed to disclose the original rental agreement in violation of *Brady v. Maryland*, 373 U.S.

---

[1] Petitioner was also convicted of other charges in Arizona state court, leading to concurrent prison terms.

83 (1963).
3. His right to a speedy trial was violated . . . .
4. He was denied his Eighth Amendment right to bail.
5. He was denied due process because he did not receive a preliminary hearing.
6. He was denied a Fourteenth Amendment right "to be free from unfair prejudice" where: (a) other-act evidence was improperly admitted during trial; (b) the "prosecutor's conduct deprived [Gwen] of his right to a jury verdict of guilt beyond a reasonable doubt"; (c) there was instructional error regarding other-act evidence.
7. He was denied his Sixth Amendment confrontation right . . . .
8. He was denied due process and fundamental fairness because:
(a) the State failed to timely disclose all evidence and withheld evidence in violation of Brady;
(b) the trial court abused its discretion in (i) denying "access to evidentiary procedures"; (ii) denying "important pretrial motions"; (iii) suspended the right to habeas corpus; (iv) interfered with a change of judge; and (v) interfered with "the orderly delivery of U.S. mail";
(c) the appellate courts' rulings denied him fundamental fairness when it: (i) denied special action jurisdiction; (ii) did not "adequately adjudicate all claims presented on direct appeal"; and (iii) the Arizona Supreme Court denied review of his petition for review without stating why;
(d) he is actually innocent; and
(e) the state court process was inadequate because it allegedly did not have a sufficient process to challenge the admissibility of evidence or correct erroneous legal rulings, and because appellate procedures did not entitle Gwen to an evidentiary hearing.
9. His Eighth Amendment right to be free from cruel and unusual punishment were [sic] violated when: (a) the trial court failed to decide sentencing issues; (b) the PCR court failed to adjudicate his constitutional claims; (c) his sentences violate double jeopardy because the indictment was duplicitous.
10. He was denied his right to a fair trial where: (a) the prosecutor called Gwen's expert to testify because the prosecutor "knew there exists no expert testimony to rebut"; and (b) the trial court abused its discretion allowing the expert witness to be called.

(Doc. 61 at 5–6).

## V.    Petitioner's Objections

### A.    General or Global Objection

As a preliminary matter, Petitioner states that he "cannot address or object to every

1  [unreadable] in report . . . and his objection not address [sic] are not an expressed waiver
2  as to any [unreadable] issue raised in R&R." (Doc. 67 at 6). The Court construes this
3  statement as a global objection by Petitioner.

4  Respondents correctly note that general, global objections do not trigger de novo
5  review of the entire case. (Doc. 68 at 1–2). *Warling v. Ryan*, 2013 WL 5276367, *2 (D.
6  Ariz. Sept. 19, 2013)); *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991); *Haley
7  v. Stewart*, 2006 WL 1980649, * 2 (D. Ariz. July 11, 2006)); *accord Martin v. Ryan*, CV-
8  13-00381-PHX-ROS, 2014 WL 5432133, *2 (D. Ariz. October 24, 2014) ("... when a
9  petitioner raises a general objection to an R & R, rather than specific objections, the Court
10 is relieved of any obligation to review it.") (collecting cases). Thus, the Court will not
11 review this general objection. *See Warling*, 2013 WL 5276367, at 2 ("the Court has no
12 obligation to review Petitioner's general objections to the R & R") (citing *Thomas v. Arn*,
13 474 U.S. 140, 149 (1985)).

**B.   Ground 1**

Petitioner first states in Ground 1 that "he is privileged from Respondents['] unfair conversion of facts in support of claim of malicious prosecution into separate independent claims for relief, that by themselves are non-cognizable." Further, he states that "the report misrepresents or misunderstands constitutional requirement to establish malicious prosecution" and "the report misquoted *Heck v. Humphrey*."

First, Petitioner appears to misunderstand the R & R. The R & R states "[t]he undersigned construes Ground 1 as not only asserting a multipart claim of malicious prosecution based on the facts in the various subparts, but (like Respondents) to also assert each subpart as underlying direct violations." (Doc. 61 at 24). Thus, the Magistrate Judge analyzed Petitioner's malicious prosecution claim as a single claim supported by Petitioner's version of the facts and then also interpreted the supporting facts to be direct habeas claims.

It is not clear that malicious prosecution claims are cognizable on federal habeas review. *See Jaime v. Almager*, No. SACV 08-cv-0093-JVS (JTL), 2009 WL 2390853,

at *15 (C.D. Cal. Aug. 3, 2009) ("[T]he Supreme Court has never found that a malicious prosecution claim is cognizable on habeas review.") Even assuming this claim is cognizable, an essential element of malicious prosecution is "termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 484 (1004). Petitioner argues that because *Heck* was a § 1983 claim, the standard for malicious prosecution iterated by the Supreme Court in that case is not applicable here. However, the Supreme Court took the standard used from common law. The Court has not found, and Petitioner has not identified, a malicious prosecution claim—in habeas proceedings or otherwise—that does not require termination of the prior criminal proceeding in favor of the accused. Petitioner did not allege a primary element of a malicious prosecution claim—termination of the prior criminal proceeding in favor of the accused—nor does he in his objections. Thus, the Court accepts and adopts the R & R's conclusion that Petitioner failed to adequately state a claim of malicious prosecution. Relief on Ground 1 is denied.

**C.     Ground 2**

Petitioner's next "objects to [the] R & R on ground [sic] it unfairly modify [sic] the claim for relief, or misrepresents material facts." Upon review of the R & R as well as the Petition, the Court agrees with the way in which the R & R split up Petitioner's Ground 2 claims. There is no evidence of misrepresentation of material facts or a modification of the claim for relief, beyond a recharacterization of the claim to a cognizable legal theory. Even so, as stated in the R & R, Petitioner did not cite to any relevant federal authority to support Ground 2(a) that he was deprived of due process. As stated in the R & R, Petitioner cited to *State v. Hocker*, 556 P.2d 784, 789–90 (Ariz. 1976), to support the notion that he should have had his legal objections addressed outside the hearing of the jury, but that case does not address due process concerns or a federal basis for mandating evidentiary hearings on admissibility issues. Between his reliance on *Hocker* and Arizona Rule of Criminal Procedure Rule 16.2 and his far departed general reliance on federal due process, the Court finds Petitioner failed to present to the state court his federal due process claim in Ground 2(a) and adopts the R & R's conclusion. *Gray v. Netherland*, 518 U.S. 152, 163 (1996)

("We have also indicated that it is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court.).

Regarding Grounds 2(b)/(c), the R & R found that Petitioner properly exhausted the claim that the trial court improperly admitted computer-generated copies of Petitioner's rental agreement for the rental car, resulting in undue prejudice. (Doc. 61 at 68). Although the trial court did not make an explicit ruling on Petitioner's due process claim, the Court agrees with the R & R that there is no reason to conclude that the claim was disposed of other than on the merits. (*Id.*) Thus, it is subject to deferral review under 28 U.S.C. § 2254(d). Without reiterating the entire factual record associated with this objection—as done by the Magistrate Judge in the R & R—Petitioner fails to point out how he was unduly prejudiced by admission of copies of the agreement. Indeed, Petitioner appears to have agreed to such copies being used at trial and was permitted to show witnesses the original copies to ensure adequate due process:

> THE COURT: Okay. So that we don't get confused tomorrow, can we simply not use Exhibit Number 8?
> MR. ASAY: Yes, Your Honor.
> THE COURT: Okay. Mr. Gwen, would you agree with that, that we're not going to use Exhibit Number 8?
> MR. GWEN: Yes, Your Honor. That's agreeable to me.
> * * *
> THE COURT: For now the Clerk's going to hold on to these originals. I'm not going to mark them in any way because they're relatively small and I don't want to put a sticker on them because we don't need to. We have copies of those.
> As long as the parties agree that these copies are true and accurate copies of the originals, then this is what we can use throughout the trial. But again, Mr. Gwen, if you want to -- want the original to be shown to a witness or something like that, that's fine. We can do that. Okay? Everybody satisfied with that?
> MR. GWEN: Yes, Your Honor.

(Exh. BB, RT 1/5/21 at 23–26). Upon de novo review, the Court is not persuaded that any error was committed, much less a trial error of federal law that had "substantial and injurious effect or influence in determining the jury's verdict." *O'Neal v. McAninch*,

513 U.S. 432, 436 (1995). Accordingly, the Court adopts the R & R's conclusion and analysis as to Ground 2(b)/(c). Relief on Ground 2 is denied.

### D. Ground 3

In his third objection, Petitioner "objects to R & R for Ground [3] (speedy trial violation) on ground its procedural ruling violates due process and equal protection, or is inconsistent or contrary to relevant decisions of Supreme Court [sic]." (Doc. 67 at 9). Petitioner argues that the Magistrate Judge did not have authority under 28 U.S.C. § 636 to order supplemental briefing and this Court erred in its application of Federal Rule of Civil Procedure 15.1. (*Id.*) First, there is no Federal Rule of Civil Procedure 15.1. The Court assumes Petitioner intended to object under Rule 15(a)(1) or (2) because he mentions that Respondents did not petition to amend their answer. This objection has already been addressed by this Court in the Court's July 10, 2023, Order at Document 36. As stated in the Court's previous Order, the Magistrate Judge was well within his discretion in ordering supplemental briefing to address the speedy trial issue. This objection does not challenge a conclusion or the analysis of the Magistrate Judge in the R & R, and the Court has already addressed and overruled this objection. Thus, it will not be further considered here.

Addressing Petitioner's speedy trial claim, a "showing of prejudice is required to establish a violation of the Sixth Amendment Speedy Trial Clause." *Reed v. Farley*, 512 U.S. 339, 353 (1994). Petitioner allegedly suffered anxiety and stress[2] as a result of the trial delay. However, he failed to present any evidence of such stress and anxiety to the Arizona Court of Appeals. The Court finds that Ground 3 lacks merit and adopts the R & R's conclusion. Relief on Ground 3 is denied.

### E. Ground 4

Fourth, Petitioner "objects to section (3) bail claim on ground report applies an incorrect legal theory or was contrary to [sic] relevant decision of U.S. Court of Appeal [sic] or Supreme Court." (Doc. 67 at 11). Pursuant to 28 U.S.C. § 2254(a), federal courts

---

[2] Petitioner actually never asserts he suffered anxiety and stress. He simply states that he was prejudiced and then cites an Arizona case as holding that "anxiety and stress can be factors in determining whether Defendant was prejudiced by trial delay." (Doc. 35 at 8). This has been liberally construed as an assertion Petitioner suffered anxiety and stress.

- 8 -

may "entertain an application for a writ of habeas corpus" only on behalf of a person who is "in custody pursuant to the judgment of a State court." In order to have jurisdiction over a habeas corpus petition a petitioner must be "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Petitioner's custody under the pretrial detention order—the custody at issue in the bail claim—terminated upon his conviction. After that, Petitioner has been in custody only under the conviction and sentence, and it was during his ongoing post-conviction custody that he filed the instant petition. Thus, the Court has no jurisdiction over Petitioner's claim challenging his detention under the pretrial detention order. Relief on Ground 4 is denied.

**F.     Ground 5**

Petitioner alleges in his fifth objection that the R & R summarizes his fifth ground inaccurately. (Doc. 67 at 12). He states that he "did not assert right to have held [sic] a preliminary hearing under federal law, but rather he was, by state law, denied a process due that would have ultimately led to [sic] hearing." Petitioner appears to misunderstand the nature of habeas proceedings. As previously mentioned, "a federal court may grant habeas relief when a state court decision 'involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States' or 'resulted in a decision that was based on an unreasonable determination of the facts." *Saesee v. McDonald*, 725 F.3d 1045, 1047–48 (9th Cir. 2013) (quoting 28 U.S.C. § 2254(d)). Regardless of state law, Petitioner has *no federal constitutional right* to a pretrial determination of probable cause by preliminary hearing (or by grand jury indictment). *Lem Woon v. State of Oregon*, 229 U.S. 586, 590 (1913); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993). By Petitioner failing to offer any federal legal support for his arguments, the Court must either deny relief with no analysis, or determine whether there is any legal support for the factual theories presented. There is no due process violation in the Court researching the claims to the best of its ability. As an additional point, any state law defect or denial of due process in the denial of a preliminary hearing did not result in Petitioner's conviction or sentence, and thus does not state a cognizable habeas

claim. Relief on Ground 5 is denied.

### G. Ground 6

Petitioner's sixth objection relates to his sixth ground for relief in the Petition. Petitioner states that he was "unfairly prejudiced from Respondents' modification of his claim by converting facts in support of claim into separate independent claims." Thus, he asserts, the R & R fails to address his claim. As before, the R & R refocuses Petitioner's claims in order to facilitate analysis. Upon the Court's review, the R & R does not appear to change Petitioner's claims whatsoever besides giving them multipart labels. Petitioner does not take issue with the Court's analysis or conclusions beyond what appears to be a generalized statement that the R & R does not address his claim. This type of objection is insufficient to warrant de novo review because it is merely a repetition of Petitioner's previous argument. Nonetheless, upon de novo review of the Petition and the state court record, the Court agrees with the Magistrate Judge's conclusion in the R & R that Petitioner did not fairly present any part—(a), (b), or (c)—of Ground 6 in state court. Relief on Ground 6 is denied.

### H. Ground 7

In his seventh objection, Petitioner "objects to section seven on ground [sic] Magistrate [Judge] reasoning violated constitutional law or is opposite relevant Supreme Court decision." (Doc. 67 at 13). He goes on to say that the "state set expectation that particular witness [sic] would be available at trial by its disclosure and supplemental disclosure right up to the commencement of the trial" and the witness not being called was a violation of his Sixth Amendment Right to Confrontation of the witnesses against him. (*Id.*)

"The Confrontation Clause provides two types of protections for a criminal defendant: the right physically to face those who testify against him, and the right to conduct cross-examination." *Pennsylvania v. Ritchie*, 480 U.S. 39, 51 (1987). Petitioner does not allege that either of these protections were violated in his trial. He states that his Sixth Amendment rights were violated by the state "setting an expectation" that particular

witnesses would be at trial but then not calling those witnesses. There were no witnesses to confront because no witnesses testified. Thus, there was no Confrontation Clause violation. This objection is overruled and relief on Ground 7 is denied.

### I.     Ground 8

Finally, Petitioner appears to make multiple objections in his eighth set of objections. First, he "objects to the R & R on ground [sic] recommendation to bar relief is based upon state law, state court record, or state procedures." (Doc. 67 at 14). He argues that he attached the writ and a rejection of the writ, and this amounted to proof that the state violated the Arizona Suspension Clause. (*Id.*) The R & R correctly points to the Arizona Suspension Clause which states, "[t]he privilege of the writ of habeas corpus shall not be suspended by the authorities of the state." Ariz. Rev. Stat., Const. Art 2 § 14. Although Petitioner attached documentation showing the writ was denied, he offers nothing to show that he was precluded from filing a state petition for writ of habeas corpus. A denial of a habeas corpus petition does not amount to a suspension of the writ. Thus, Petitioner's objection on this ground is overruled.

Second, Petitioner alleges that "the R & R does not address ground eight on the merit [sic]." Petitioner takes issue with the Magistrate Judge's denial of his April 10, 2023, motion for an evidentiary hearing. The Magistrate Judge issued an order on December 27, 2022, setting a deadline of January 20, 2023, for Petitioner to file a motion for an evidentiary hearing. The Magistrate Judge denied Petitioner request for an evidentiary hearing on April 10, 2023, because it was past the deadline. Petitioner now asserts that he complied with the Court's orders because a later order on September 1, 2023, stated that he would have fourteen days from the service of Respondents' notice identifying trial-related transcripts to file a motion for an evidentiary hearing related to Ground 3 of the Petition. (*See* Doc. 67 at 15). However, the order on September 1, 2023, related only to Ground 3 of the Petition and Petitioner's deadline to file a motion for an evidentiary hearing related to all other aspects of the Petition was January 20, 2023. Petitioner also did not file a motion for an evidentiary hearing after the September 1, 2023, order. Therefore, the

Magistrate Judge correctly denied Petitioner's motion for an evidentiary hearing as untimely. The Magistrate Judge did not err, and this objection is overruled. In light of the foregoing, the Court adopts all of the R & R's conclusions on Ground 8 and relief is denied.

### J.     Other Objections

In his objections, Petitioner also raises a few other issues over the course of his brief outside the enumerated sections discussed above. (*See* Doc. 67 at 3–6). The Court will address these in turn.

First, Petitioner "objects to section III (A) (sufficiency of record) on ground its finding is contrary to clearly established federal law, or inconsistent with [sic] reports statements." (*Id.* at 3). Petitioner takes issue with the Magistrate Judge allowing Respondents to supplement the record with transcripts related to Petitioner's speedy trial claim after it was determined he had exhausted this claim in state court. (*See* Doc. 30). Petitioner believes Respondents' answer to be procedurally defaulted and thus he should be granted relief as a matter of law. However, Petitioner does not point to any federal law that suggests proceeding by default would be warranted as a result of improper or insufficient arguments or unprovided records. As stated in the R & R, Federal Rule of Civil Procedure 55(a), entry of default, and proceeding by judgment by default is possible. However, default judgment is an extreme sanction in any case and "default judgments are disfavored in habeas corpus cases." *Blietner vs. Wellborne*, 15 F.3d 652 (7th Cir. 1994); *see also Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment.") Failure by Respondents to provide the necessary transcripts for analysis of the speedy trial claim—a failure that was remedied—does not rise to the level necessary for the sanction of default against Respondents. Plaintiff's objection is overruled.

Second, Petitioner "objects to section (c) on ground [sic] magistrate [judge] incorrectly interprets or its use of Fed. R. Civ. P. 8(d)(3) is a misapplication of law and contrary to relevant decision of United States Court of Appeals." (Doc. 67 at 3–4). Petitioner asserts, without any authority, that the Magistrate Judge contradicts himself by

applying the Federal Rules of Civil Procedure in one instance but not for the purposes of default judgment. As stated by the Magistrate Judge, Federal Rules of Civil Procedure do not apply wholesale to habeas proceedings and "may be applied, when appropriate." Rules Governing § 2254 Cases, Rule 12. The Court does not find that the Magistrate Judge abused his discretion by applying Rule 8 in this context. There is nothing to suggest that Rule 8 only applies to § 1983 cases—as argued by Petitioner—and the language of the rule is clear. Petitioner's case law, *Russell v. Rolfs*, 893 F.2d 1033, 1038 (9th Cir. 1990), concerns judicial estoppel due to relying on a defense on appeal that was inconsistent with the trial court defense upon which dismissal had been obtained. *Id.* There is no similar judgment on Respondents' defenses here that makes this case similar to *Russell*.

Third, Petitioner's argument concerning the definition of custody is moot because the Court has already found that Petitioner was not "under the conviction or sentence under attack at the time his petition [was] filed," *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989), for his denial of bail claim.

Fourth, Petitioner "objects to section four (PCR or collateral proceeding) on ground that 'PCR proceedings in state courts are not cognizable because it is based on state law' is incorrect." (Doc. 67 at 5). Petitioner misquotes the R & R. The R & R specifically states that the above quote is the argument of Respondents, not the Magistrate Judge's conclusion. (Doc. 61 at 19–20). Petitioner is correct insofar that the Supreme Court has decided that a state court might apply its own rules in a manner inconsistent with its own case law and thus a federal court would not be barred from review. *See Cruz v. Arizona*, 598 U.S. 17, 27–28 (2023). However, Petitioner does not assert any analogous inconsistent application of state law like the Supreme Court found in *Cruz*. He seems to simply state that the PCR court erred in not reversing Petitioner's conviction or imposed sentence. If he is to obtain relief, he must show constitutional error. This objection is overruled.

Finally, Petitioner argues that the R & R misrepresents the federal standard for determining cognizable or non-cognizable claims. He states that the standard for determining cognizable versus non-cognizable claims can be found in *Swarthout v. Cooke*,

562 U.S. 216, 219 (2011). That case states that "[t]he habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States.'" *Id.* (quoting 28 U.S.C. § 2254 (a)). This is the standard that was used by the Magistrate Judge in the R & R. (*See* Doc. 61 at 14). It is unclear as to what alternative standard Petitioner believes the Magistrate Judge used. This objection is overruled.

Petitioner does not appear to object to the R & R's other conclusions regarding Ground 9 or Ground 10. Thus, the Court adopts the R & R's recommendation as to those Grounds and denies relief on both Grounds.

## VI. Certificate of Appealability

Although he did not file a separate motion seeking a certificate of appealability ("COA"), Petitioner seems to seek a COA asking the Court of Appeals to direct this Court to hold the evidentiary hearing that was ruled as procedurally barred because Petitioner filed his request too late.

For Petitioner to appeal, a court must issue a COA. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000); *Valerio v. Crawford*, 306 F.3d 742, 763–64 (9th Cir. 2002) (*en banc*), *cert. denied* 2003 U.S. LEXIS 3190, 2003 WL 1903852 (2003). The COA must specify which issues are certified for appeal. *Id.*

A judge may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 483–84. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Here, the Court finds jurists of reason would not find the Court's procedural rulings debatable. Further, as to the claims on which the Court reached the merits, jurists of reason would not find this Court's assessment of the constitutional claims debatable. Therefore, a certificate of appealability will not be granted.

**VII. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 61) is accepted and adopted; the objections (Doc. 67) are overruled. The Petition is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's request for a certificate of appealability is denied.

Dated this 22nd day of August, 2024.

James A. Teilborg
Senior United States District Judge